## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Anthony Sierra, a Special Agent ("SA") with the Department of Homeland Security Investigations ("HSI"), being duly sworn, depose and state:

### Introduction

1. I am a SA with HSI and I have been employed in this capacity since March 2020. I am a graduate of the Criminal Investigator Training Program and the HSI Special Agent Training Academy. In my current role as a Special Agent assigned to HSI Fajardo, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21 and 31 of the *United States Code*. I am an "investigative or law enforcement officer of the United States" within the meaning defined in Title 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to conduct investigations of, and make arrests for, federal offenses. I am authorized to investigate crime involving violations of federal law, including Title 18, *United States Code*, Sections 922 and 924, and Title 21, *United States Code*, Section 841.

2. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations during the course of this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the course of the investigation.

3. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United

States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Noel SANTANA-Bruno ("SANTANA") with violation of (a) 21 U.S.C. § 841(a)(1) (Possess With Intent to Distribute a Controlled Substance), (b) 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), and (c) 18 U.S.C. § 922(k) (Possession of a Firearm With an Altered Serial Number).

### Facts Supporting Probable Cause

4. On March 6, 2025, at approximately 6:05 a.m., Puerto Rico Police Bureau ("PRPB") agents executed a search warrant signed by a State Judge at SANTANA's residence. The search was for firearms and controlled substances. At the time of the search, inside the residence agents found SANTANA, his partner, and his parents. During the search of the residence, agents recovered and secured a Smith and Wesson pistol, Model SW9VE, with the serial number mutilated, seven small baggies ready for sale, and a sandwich sized Ziplock bag half full of marijuana in baggies, U.S. currency, a large amount drug paraphernalia (including baggies and a scale), U.S. Navy license plates, 96 rounds of 9mm caliber ammunition, one 9mm magazine, and one Apple iPhone cellular telephone.



5.      The Smith and Wesson pistol should have the serial number embedded on the frame. However, as depicted below, the serial number of this pistol is not visible due to having been mutilated.



6.      PRPB agents read SANTANA his Miranda rights in the Spanish language. SANTANA signed the Miranda rights form and agreed to give a statement to PRPB agents without a lawyer present. SANTANA stated he was the owner of the pistol, marijuana, drug paraphernalia, and money that was found in his residence.

7.      On that same day, HSI agents responded and took custody of SANTANA. After the agents identified themselves to SANTANA and read his Miranda rights to him in the Spanish language, SANTANA signed the Miranda rights form and agreed to give a statement to HSI agents without a lawyer present. SANTANA stated that all the items seized from his residence belonged to him. SANTANA stated he used the paraphernalia found in his residence to bag the marijuana, and the scale to weigh the marijuana into 1.5 - 2 grams for sale. SANTANA stated he had bought the marijuana two days ago. Santana stated he purchased two ounces of marihuana for $200, which he was expecting to sell and be able to make $450. SANTANA stated he would sell the marijuana by delivering baggies of marijuana to his clients and would sell the baggies for $10. SANTANA stated he had purchased the Smith and Wesson pistol from an unknown person in Carolina for $600 two months ago. SANTANA stated he knew and understood the pistol had the serial number mutilated. SANTANA stated the $351 found in his residence belonged to him. SANTANA stated the money was the product of the sale of marijuana except for $45 that were found in his wallet.

8.      This investigation revealed that no firearms or ammunitions, including the type mentioned above, are manufactured in the Commonwealth of Puerto Rico; therefore, the aforementioned firearm was shipped or transported through interstate or foreign commerce.

### Conclusion

9.      Based on the facts contained herein, there is probable cause to believe that SANTANA committed the following Federal offenses: (a) 21 U.S.C. § 841(a)(1) (Possess With Intent to Distribute a Controlled Substance), (b) 18 U.S.C. § 924(c)(1)(A) (Possession

of a Firearm in Furtherance of a Drug Trafficking Crime), and (c) 18 U.S.C. § 922(k) (Possession of a Firearm With an Altered Serial Number)..

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Anthony Sierra
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 2:01 p.m. on the 7th day of March, 2025.

Héctor Ramos-Vega
United States Magistrate Judge
District of Puerto Rico